IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ALBERT RICHARDSON,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 09-cv-498-MJR** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 06-cr-30029** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Petitioner's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1); and being a felon in possession of a firearm in violation of 21 U.S.C. § 922(g)(1). On July 14, 2008, Petitioner was sentenced as follows:

> 70 months on each of Counts 1 & 2, to be served concurrently to each other and concurrently to the undischarged sentence imposed in Case No. 51310 out of the Grayson County, Texas, 15th Judicial District Court.

*United States v. Richardson*, Case No. 3:06-cr-30029-MJR (S.D. Ill., judgment filed July 14, 2009).

Petitioner and the Government entered into a written Plea Agreement pursuant to which Petitioner waived:

> his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the [Petitioner] reserves the right to appeal the reasonableness of the sentence.

*Id*. (Plea Agreement filed March 20, 2008) (Section III, ¶ 2). The Plea Agreement also provided that

the Petitioner agreed "**not to seek a sentence outside the applicable Guideline range.**"[1] *Id.* (Section II, ¶ 12).  Petitioner did not file a direct appeal with regard to his convictions or sentences.

In his § 2255 motion, Petitioner raises the following two grounds for relief:[2] (1) ineffective assistance of counsel; and (2) the sentence is unreasonable. The gravamen of Petitioner's ineffective assistance of counsel claim is that his attorney should have asked for a downward departure on Petitioner's federal sentence under U.S.S.G. § 5G1.3(c) and application note E to that section, instead of requesting that his federal sentence run concurrently with Petitioner's undischarged state sentence. Petitioner claims that he gets no benefit at all from running the federal sentence concurrent to the state sentence because Petitioner had already been released on parole from the state sentence. Petitioner's claim that his sentence is unreasonable appears related to the first - i.e., that it was unreasonable for the Court to run the federal sentence concurrently with his state sentence because he was on parole from that sentence - instead of departing downward.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, address whether instant motion is barred under the terms of the Plea Agreement and, assuming for the sake of argument that it is not, address the merits of the motion.  In its response, the Government attach all relevant portions of the record.

---

[1] The Plea Agreement calculated the applicable Guideline range as being "100-125 months" imprisonment.  *Id.* (Section II, ¶ 3).

[2] The original motion (Doc. 1) asserted three grounds for relief, but on September 15, 2009, Petitioner moved to dismiss "claim C"."  *See* (Doc. 3).  The Court will grant Petitioner's motion to dismiss "claim C," and, therefore, the instant motion now presents only two claims.

**IT IS FURTHER ORDERED** that because there is no fee for filing a § 2255 motion - and no other matter pending before the Court as to which Petitioner's status as a poor person is relevant - Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED**, without prejudice, as moot.

**IT IS FURTHER ORDERED** that Petitioner's motion to withdraw "Claim C, Ground Three" from his motion (Doc. 3) is **GRANTED**.

**IT IS SO ORDERED**.

**DATED this 4th day of January, 2010.**

                                    s/ Michael J. Reagan
                                    **MICHAEL J. REAGAN**
                                    **United States District Judge**